Application for review of sentence imposed by the Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No: CR90-383519.
BY THE DIVISION
The petitioner pleaded guilty to Possession of Narcotics with Intent to Sell in violation of Conn. Gen. Stat. 21a-277 (a) and Stealing a Firearm in violation of Conn. Gen. Stat. 53a-212. The sentence imposed was seven years to serve on the narcotics charge and two years to serve on the firearm violation. The court imposed the sentences concurrently for a total effective sentence of seven years to serve.
The record shows that the petitioner was observed during an execution of a search and seizure warrant, throwing down a plastic bag of approximately eight ounces of cocaine. Also found in the same apartment were two Colt semi-automatic pistols, scales, packaging material and ammunition for the weapons. It was confirmed by the Division of Alcohol, Tobacco and Firearms of the Treasury Department that the two pistols were stolen from Colt's Firearm company in West Hartford, Connecticut.
Counsel for petitioner noted that prior to the sentencing that he, on behalf of the petitioner, applied for a substance abuse evaluation in accordance with P.A. 89-390. He claimed to the Division that the sentencing court completely disregarded the public act and that by doing so thwarted the legislative attempt at drug rehabilitation. Counsel asked this Division to exercise the discretion that the sentencing court failed to use and allow the petitioner to be released to a CADAC program under P.A. 89-390.
The State's attorney felt that the sentence was appropriate when considering the amount of drugs involved and the seriousness of the weapons used to protect the operation. He felt that the sentence was proper in light of the factual nature of the offenses.
In reviewing the remarks of the sentencing court it shows that it felt the CADAC program suggested for the petitioner was not long enough to break the habit of addiction indicated for the petitioner. Left with no alternative the court felt that incarceration was the only way to treat the problem.
While this Division recognizes the rehabilitative purposes of a program such as the one authorized by the legislature under P.A. CT Page 5339 89-390 here the court felt it was insufficient to address the problem the petitioner presented to the court. By making such a valuable alternative sentence available the legislature left it to the sentencing court's discretion to grant or deny the program. The mere act of asking for the evaluation cannot be tantamount to the granting of the program. As envisioned, here the court looked and compared the program with the petitioner and found it wanting. We find that the sentence imposed appropriate in accordance with P.B. 942. The sentence is affirmed.
Purtill, Klaczak, and Norko, judges participated in this decision.
APPEARANCES: Henry D. Marcus, for petitioner; John Bailey, State's Attorney.